# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 5401 | DATE | 2/11/2003 |
| CASE TITLE | REYNOLDS BANKS vs. ROBERT D. GORDON | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held. Enter Memorandum Opinion And Order. Defendants' motion to dismiss is granted. Defendants' motion to transfer is denied as moot. Plaintiff's verified complaint is dismissed with prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | FEB 12 2003 date docketed | | |
| ✓ | Docketing to mail notices. | | | 15 |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 03 FEB 11 PM 3:16 | date mailed notice | |
| LG | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| REYNOLDS BANKS,<br><br>    Plaintiff,<br><br>v.<br><br>ROBERT D. GORDON, individually and ERMAN, TEICHER, MILLER, ZUCKER, FREEDMAN & GORDON, P.C.,<br><br>    Defendants. | No. 02 C 5401<br><br>Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Reynolds Banks ("Banks"), filed this action against Defendants, Robert Gordon and Erman, Teicher, Miller, Zucker, Freedman & Gordon, P.C. ("Defendants"), alleging professional negligence and breach of contract. Presently pending before the Court is Defendants' Motion to Dismiss based on the running of the statute of limitations. In the alternative, Defendants seek a transfer to Michigan.

A reading of Banks' Verified Complaint at Law supports the following summary of the alleged conduct of the parties.

Banks is a resident of Illinois. Defendants are an attorney and a law firm licensed to practice law in the state of Michigan.

Prior to March 22, 1999, Banks retained Defendants to represent Banks in the case of *Health Industry Professionals LLC v. HealthBank Network Development, Inc.*, Case No. 99-900272, in the Circuit Court for the County of Wayne, Detroit, Michigan ("Adversarial Case"). Banks was named as a co-defendant in the breach of contract claims of the Adversarial Case.

However, Banks had never entered into any contract with the plaintiff in the Adversarial Case. Banks retained Defendants in order to obtain a dismissal of the proceedings against Banks.

On March 22, 1999, a judgment was obtained against Banks in the Adversarial Case in the amount of $134,403.91. "[Banks] became aware of the Adversarial Judgment in late November of 1999."

In reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any inferences reasonably drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir.2000). Dismissal is warranted only if the plaintiff can prove no set of facts in support of its claims that would entitle it to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). However, if a "plaintiff pleads facts that show its suit [is] barred by a statute of limitations, it may plead itself out of court under a Rule 12(b)(6) analysis." *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995). "The running of the statute of limitations, normally an affirmative defense, will be an appropriate ground for dismissal if it 'clearly appears on the face of the complaint'." *Rylewicz v. Beaton Serv., Ltd.*, 698 F. Supp. 1391, 1393 (N.D. Ill 1988), quoting *Quiller v. Barclays American Credit, Inc.*, 727 F. 2d 1067, 1069 (11th Cir. 1984).

"A district court exercising its diversity jurisdiction applies the law of the state in which it sits, including that state's choice of law rules." *See Stavriotis v. Litwin*, 710 F. Supp. 216, 217 (N.D. Ill. 1988). Accordingly, this Court applies Illinois choice of law rules as to the statutes of limitations.

Illinois courts look to Illinois' Borrowing Statute to determine whether a foreign statute of limitations applies to a cause of action brought in Illinois courts but which arose in a foreign

state. The Illinois Borrowing Statute applies only when none of the parties of the cause of action were Illinois residents when the cause of action accrued. *See Newell Co. v. Petersen*, 325 Ill. App. 3d 661, 687 (2001); *Employers Ins. of Wausau v. Ehlco Liquidating Trust*, 309 Ill. App. 3d 730, 737 (1999). In the instant case, Banks was an Illinois resident when the cause of action accrued. Accordingly, the Illinois Borrowing Statute does not apply, and the Illinois statute of limitations does apply.

The Illinois Code of Civil Procedure provides a two-year statute of limitations for claims alleging legal malpractice which are based on tort and/or contract. 735 ILCS 5/13-214.3(b). The cause of action must be commenced within two years from the time the person bringing the action knew or reasonably should have known of the injury for which the damages are sought. 735 ILCS 5/13-214.3(b); *Broadnax v. Morrow*, 326 Ill. App. 3d 1074, 1079 (2002).

Here, Banks' Verified Complaint states that he "became aware of the Adversarial Judgment in late November of 1999". Banks' cause of action is based on Defendants' failure to properly defend Banks in the Adversarial Action in which the alleged improper Adversarial Judgment was entered. Accordingly, Banks' Verified Complaint specifically states he became aware of his alleged injury and that the Defendants caused the alleged injury in late November of 1999. Banks did not file the instant suit until December 7, 2001. Accordingly, Banks' claims are barred by the statute of limitations.

Banks attempts to avoid dismissal of his Verified Complaint by attaching an affidavit to his response to the Defendants' motion. However, Banks cannot amend his complaint through attachments to his response to the motion to dismiss. *See Shanahan v. City of Chicago*, 82 F.3d 776, 781 (7th Cir. 1996); *Car Carriers v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984).

Furthermore, Banks' affidavit would not change the date that he reasonably should have known of the injury for which the damages are sought. In his affidavit, Banks again admits that he learned of a judgment against him in late November 1999 in favor of Health Industry Professionals. Banks attempts to argue that because of other litigation pending in Michigan by Health Industry Professionals, he somehow did not know of the judgment against him in the Adversarial Case. However, Banks knew by late November 1999 that a judgment was entered against him in a case involving the same plaintiff, Health Industry Professionals. Therefore, at the time Banks reasonably should have known of the injury for which he now seeks damages.

For the reasons stated above, Defendants' Motion to Dismiss is granted. Plaintiff's Verified Complaint is dismissed with prejudice. Defendants' Motion to Transfer is denied as moot.

Dated:

JOHN W. DARRAH
United States District Judge

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
### Eastern Division

REYNOLDS BANKS

v.

ROBERT D. GORDON, et al

**JUDGMENT IN A CIVIL CASE**

Case Number: 02 C 5401

- ☐ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

- ■ Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that defendants' motion to dismiss is granted. Defendants' motion to transfer is denied as moot. Plaintiff's verified complaint is dismissed with prejudice.

Michael W. Dobbins, Clerk of Court

Date: 2/11/2003

Linda Garth, Deputy Clerk